## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In RE:

Bruce G. Rohde,                                              Case No.: 13-60784
                                                             Chapter 7
        Debtor.

### NOTICE OF HEARING AND MOTION TO COMPEL TURNOVER
### OF ESTATE PROPERTY AND AWARD OF ATTORNEY'S FEES

TO:    The United States Bankruptcy Court, the United States Trustee, the Debtor, the Debtor's attorney, and all parties who requested notice under Bankruptcy Rule 2002.

1. Gene W. Doeling, Attorney for Bankruptcy Trustee, moves the court for the relief requested below and gives notice of hearing.

2. The court will hold a hearing on this motion on February 26, 2014, at 9:00 a.m., US Bankruptcy Court, 204 U.S. Courthouse, 118 South Mill Street, Fergus Falls, Minnesota, or as soon thereafter as counsel can be heard.

3. Any response to this motion must be filed and served not later than February 21, 2014, which is five days before the time set for the hearing ( including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This court has jurisdiction over this motion pursuant to 28 U.S.C.§§157 and 1334. This motion arises under 11 U.S.C. § 542. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 6072-1. This proceeding is a core proceeding.

5. The petition commencing this chapter 7 case was filed on November 20, 2013. The case is now pending in this court.

6. Movant requests the turnover of certain property ("Assets"). The trustee requested documentation reflecting the cash value in the Ohio National Financial Services insurance policy, and the American General Life Insurance policy as of the time of the bankruptcy filing, which would also reflect who the owners and beneficiaries are of each policy. That has not been provided.

7. At the 341 meeting, the debtor testified that he was employed at the time of and prior to his bankruptcy filing, contrary to what was indicated on the original Schedule I of the debtor's bankruptcy petition. The trustee requested the debtor provide pay stubs

      reflecting earnings during the 60 day period prior to the bankruptcy filing, as those were not filed with the initial bankruptcy filing. This documentation has not been provided.

8. The trustee also requested a copy of the debtor's personal bank account statement from the Bank of Swanville covering the month and date of filing, but this has not been provided.

9. Despite demand for surrender of the Assets, the Trustee has not received these items. The Trustee seeks an order requiring turnover of the Assets within 7 calendar days from the date of the turnover hearing.

10. The Assets are not the subject of any reported collateral interest in the petition and are not eligible nor are they characterized as exempt under Schedule C.

11. Pursuant to 11 U.S.C. §521(3)(4), the Debtor is required, among other things, to cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties, and to surrender to the Trustee all property of the estate and any recorded information including books, documents, records, and papers relating to property of the estate. Bankruptcy Rule 4002(4) also requires the Debtor to cooperate in the administration of the estate. The Debtors have not complied with their obligation in this matter. As a direct result of their failure to discharge their duties, the bankruptcy estate has incurred attorney's fees in bringing this turnover motion which would not otherwise have been incurred. Therefore, the Debtors should bear the financial burden of their failure to discharge their obligations, and the estate should be awarded $300 in attorney's fees to be paid by the Debtors. Under 11 U.S.C. §105(a) the court may issue any order that is necessary or appropriate to carry out the provisions of Title 11.

**Wherefore**, Gene W. Doeling, by and through the undersigned attorney, moves the court for an order of the court:

1. Directing the turnover of the assets to the Trustee within 7 calendar days from the date of the hearing on the motion for turnover.
2. Requiring the Debtors to pay to the Trustee the sum of $300 in payment of attorney's fees incurred by the Trustee in bringing this motion.
3. For such further relief as the court deems just and equitable.

Executed on January 28, 2014.        Signed: /e/ Gene W. Doeling
      Gene W. Doeling

        Attorney for Bankruptcy Trustee
KALER DOELING, PLLP
PO Box 9231
Fargo, ND  58106-9231
(701) 232-8757
Atty. ID No. 242329

**Verification.** I, Gene W. Doeling, the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on January 28, 2014.        Signed: /e/ Gene W. Doeling
Gene W. Doeling, Trustee
PO Box 9231
Fargo, ND  58106-9231
(701) 232-8757

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In RE:

Bruce G. Rohde,                                    Case No.: 13-60784
                                                   Chapter 7
       Debtor.

## ORDER

Gene W. Doeling, the Trustee in this matter, filed a Motion to Compel the Turnover of Estate Property. The motion was set for hearing on February 26, 2014, at 9:00 a.m. The Court does, based upon the record arising from said motion, order that:

1. The Trustee's Motion to Compel the Turnover of Estate Property is sustained and that the Debtor is hereby ordered to deliver to the Movant the following specific property within 7 days from the date of the hearing on this motion:

    A. Documentation reflecting the cash value in the Ohio National Financial Services insurance policy, and the American General Life Insurance policy as of the time of the bankruptcy filing; the documentation should also reflect who the owners and beneficiaries are of each policy.

    B. Copies of pay stubs reflecting earnings of the debtor during the 60 day period prior to the bankruptcy filing.

    C. A copy of the statement for the debtor's personal bank account at The Bank of Swanville covering the month and date of filing.

2. The Debtors will pay to the Trustee the sum of $300 in payment of attorney's fees incurred by the Trustee in bringing this motion.

3. Such further relief as the court deems just and equitable.

Dated: _____          _____
                                        Judge Michael E. Ridgway
                                        US Bankruptcy Court Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In RE:

Bruce G. Rohde,                                               Case No.: 13-60784
                                                              Chapter 7
        Debtor.

## UNSWORN CERTIFICATE OF SERVICE

I, Gene W. Doeling, declare under penalty of perjury that on January 28, 2014 the following entities were served electronically via CM/ECF

    Logan Moore, logan@veldemoore.com
    Office of the United States Trustee, ustpregion12.mn.ecf@usdoj.gov

Bruce Rohde
30730 County 2
Grey Eagle, MN  56336

Executed on : January 28, 2014          Signed:  /e/ Gene W. Doeling
                                                 Gene W. Doeling
                                                 3429 Interstate Blvd. S.
                                                 Fargo, ND  58103